UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILLIP BERGEVIN,

        Petitioner,

                                 CASE NO. 09-CV-12477
v.                               HONORABLE JOHN CORBETT O'MEARA

C. ZYCH,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

I.      <u>Introduction</u>

This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Phillip Bergevin

("Petitioner") was a federal prisoner confined at the Federal Correctional Institution in Milan,

Michigan ("FCI-Milan") at the time he instituted this action.  In his petition, he challenges a

decision by the Bureau of Prisons ("BOP") to deny him early release under 18 U.S.C. § 3621(e)

for participation in a drug treatment program due to a prior aggravated assault conviction.

Respondent initially filed an answer to the petition contending that it should be denied.

Respondent has since notified the Court that Petitioner was released from federal custody on

September 9, 2010 and asserts that the petition should be denied as moot.  For the reasons stated

herein, the Court denies the petition for writ of habeas corpus.

II.     <u>Facts and Procedural History</u>

Petitioner was convicted of conspiracy to distribute less than 50 kilograms of marijuana

in violation of 21 U.S.C. § 846 in federal court and was sentenced to 36 months imprisonment and two years of supervised release on July 27, 2007.  While incarcerated at FCI-Milan, Petitioner was notified that while he could participate in the BOP's Residential Drug Abuse Program ("RDAP"), his prior state conviction for aggravated assault was considered a crime of violence and he would not be eligible for an early release benefit under 18 U.S.C. § 3621(e) (which gives the BOP discretion to reduce an inmate's sentence by up to one year upon successful completion of the RDAP).  He nonetheless entered such a drug treatment program on September 5, 2008 and completed the unit-based portion of the program on June 29, 2009.

Petitioner then unsuccessfully challenged the BOP's decision to deny him an early release benefit through the administrative process.  He filed the present habeas petition on June 23, 2009 claiming that the regulation relied upon to deny him early release, 28 C.F.R. 550.58, is invalid because it was not promulgated in compliance with the Administrative Procedures Act.  Respondent filed an answer to the petition on July 22, 2009 contending that it should be denied.  On October 20, 2010, Respondent filed a "Suggestion of Mootness" with the Court stating that Petitioner was released from custody on September 9, 2010 and contending that his petition is now moot.

III.    Analysis

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  If

an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

As noted, Respondent has informed the Court that Petitioner has been released from federal custody. The BOP Inmate Locator database confirms that Petitioner was released on September 9, 2010. Because Petitioner has been released from custody, the Court can no longer grant him further relief on the claim contained in his petition. The present case has thus been rendered moot and must be dismissed.

IV.   Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED** as moot.

s/John Corbett O'Meara
United States District Judge

Date: October 28, 2010

3

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 28, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager